NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR CHASSEN et al., | Civil Action No.: |
| Plaintiffs, | 09-291 (PGS) |
| v. | |
| FIDELITY NATIONAL FINANCIAL, INC. et al., | MEMORANDUM AND ORDER |
| Defendants. | |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendants' joint motion to stay the matter and to compel individual arbitration. [Docket Entry No. 218]. This motion comes in the wake of the recent *AT&T Mobility v. Concepcion* decision. *See* 131 S. Ct. 1740 (2011). For the reasons stated below, Defendants' motion is GRANTED.

I

Plaintiffs Arthur Chassen, Ami Feller, Deborah Meredith, Joel Oster, Dennis Scrimer, Glen Dalakian, Jack Hoffman, Deborah Hoffman, Kathleen Cooper, and Richard Murphy (collectively "Plaintiffs") are New Jersey residents who purchased, financed, or refinanced residential real estate in New Jersey on or after January 22, 2003.[1] As part of purchasing, financing, or refinancing of their respective residences, each Plaintiff purchased a title insurance policy from one or more of the

---

[1] Plaintiffs Arthur Chassen, Joel Oster, Glen Dalakian, Kathleen Cooper, and Richard Murphy purchased, financed, or refinanced one residence in a single closing. Plaintiffs Ami Feller, Deborah Meredith, and Dennis Scrimer purchased two residences in two separate closings. Plaintiffs Jack Hoffman and Deborah Hoffman jointly purchased a single residence in one closing.

following title insurance companies: Chicago Title Insurance Company, Fidelity National Title Insurance Company, First American Title Insurance Company, Lawyers Title Insurance Corporation, Old Republic National Title Insurance Company, Stewart Title Guaranty Company, and Transnation Title Insurance Company (collectively, the "Defendants"). The agreements between the Plaintiffs and the Defendants are embodied in twelve separate, but nearly-identical closing-service letters ("CSL's"). *Id.* ¶ 231.

Two features of these CSL's concern us here. First, each CSL appointed a "Settling Agent" to conduct the real estate closing on behalf of each Defendant. As part of each agreement, each Defendant agreed to reimburse each Plaintiff for losses incurred in connection with the closing when the losses were attributable to the Settling Agent. Second, each CSL cross-referenced the policy or policies actually issued by the Defendants. The CSL's expressly limited each Defendant's liability to the conditions and stipulations contained in the policy or policies, and each policy contained an arbitration clause that applied to either claims "arising out of or relating to" the breach of the CSL or, alternatively, "any matter in dispute" between Plaintiffs and Defendants.

As part of conducting the real estate closings on behalf of the Defendants, each Settling Agent collected certain recording fees. Plaintiffs allege that the fees collected by the Settlement Agents exceeded the actual cost of the recording fees, and that the Settlement Agents retained and misappropriated the additional monies.

On January 22, 2009, Plaintiffs filed a class action complaint against Defendants, seeking damages both individually and on behalf of all others similarly situated. On November 16, 2009, this Court narrowed Plaintiffs' complaint to a single cause of action: an alleged breach of the CSL's.

From that point until the *Concepcion* decision, this case proceeded without reference to the arbitration clauses.

On April 27, 2011, the U.S. Supreme Court held that the Federal Arbitration Act ("FAA") preempted a California judicial rule regarding the unconscionability of class arbitration waivers in consumer contracts. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1753 (2011). This decision abrogated a similar New Jersey rule. *See Litman v. Cellco P'ship*, 655 F.3d 225, 231 (3d Cir. 2011).

On or around June 8, 2011, Defendants notified Plaintiffs of an intent to arbitrate in accordance with the arbitration clauses included in the CSL's. Each Plaintiff declined to arbitrate, and on August 1, 2011, Defendants filed a joint motion to compel arbitration and stay the litigation.

II

A motion to compel arbitration and stay the litigation may be treated as a motion for summary judgment. *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009). Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue over a material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue over a material fact is material if, under the substantive law, it would affect the outcome of the suit. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be

drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact. *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion cannot rest on mere allegations; the party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48.

III

Defendants claim that each CSL includes an arbitration agreement by virtue of the terms of the CSL and the underlying title insurance policies. Defendants have supported these claims by providing copies of CSL's and the underlying policies and by submitting affidavits from parties knowledgeable about these transactions.

Plaintiff has three arguments in opposition.

First, Plaintiffs argue that any contractual duty to arbitrate individually would be unconscionable under New Jersey law. Opp'n Br. 37-40. As this argument is premised on the position that *Concepcion* did not overrule *Muhammad v. County Bank of Rehoboth Beach, Delaware*, 912 A.2d 88 (N.J. 2006), and the Third Circuit has explicitly held otherwise, *see Litman v. Cellco P'ship*, 655 F.3d 225, 231 (3d Cir. 2011), this position is untenable.

Second, Plaintiffs argue that Defendants waived any right to compel arbitration. Opp'n Br. 14-30. It is undisputed that Defendants answered the complaint without attempting to compel arbitration and without pleading the arbitration clause as an affirmative defense, and Defendants' notice of intent to compel arbitration was received after roughly seventeen months of discovery. However, Defendants argue that they did not plead or attempt to compel arbitration because it would have been futile—they did not have the right to pursue arbitration on an individual basis. Defendants further argue that they did not waive the right to pursue arbitration because a party cannot waive a right it does not possess. *Id.* at 16. Defendants also point out that, shortly after *Concepcion* affirmed their right to arbitrate, Defendants notified Plaintiffs of their intent to arbitrate. *Id.* at 12.

Third, Plaintiffs argue that they never agreed to the terms of the CSL's. Opp'n Br. 30-37. This position is untenable. The only remaining cause of action in the instant case is the Defendants' alleged breach of CSL's. *See Chassen v. Fid. Nat'l Fin., Inc.*, No. 09-291 (PGS), 2009 WL 4508581, at*10 (D.N.J. Nov. 16, 2009). In the absence of a separate viable cause of action, which Plaintiffs lack, Plaintiffs cannot both disclaim their assent to the CSL's and seek redress under their terms. *See E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermed's, S.A.S.*, 269 F.3d 187, 199 (3d Cir. 2001) (applying equitable estoppel to hold "non-signatories to an arbitration clause when the non-signatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement"); *see also Invista S.A.R.L. v. Rhodia, S.A.*, 625 F.3d 75, 85 (3d Cir. 2010).

Ultimately, Defendants' non-waiver argument is compelling. Prior to *Concepcion*, New Jersey law held that arbitration agreements that do not permit class arbitration were not enforceable. *See Litman*, 655 F.3d at 231. Thus, it would have been futile for the Defendants to attempt to

5

compel arbitration. *See, e.g., Swift v. Zynga Game Network, Inc.*, No. C-09-5443 EDL, 2011 WL 3419499, at *9-10 (N.D. Cal. Aug. 4, 2011); *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341 (JSW), 2011 WL 2566449, at *1 (N.D. Cal. Jun. 27, 2011); *but see Opalinski v. Robert Half Intern., Inc.*, No. 10-2069 (FSH)(PS), 2011 WL 4729009, at *4-7 (D.N.J. Oct. 6, 2011) (finding no waiver of arbitration agreement enforced after *Concepcion* without addressing the issue of futility). Subsequently, the rule changed, *see Litman*, 655 F.3d at 231, and Defendants notified Plaintiffs of their intent to arbitrate shortly thereafter. Plaintiffs many citations to cases where the Court found waiver based partially on fulsome discovery proceedings are inapposite because the responsible parties in these cases were capable of enforcing their arbitration agreements at the beginning of litigation. *See, e.g., Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 447-50 (3d Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 209-11 (3d Cir. 2007). As explained above, that was not the case here.

ORDER

This matter having come before the Court on Defendants' joint motion to stay the matter and to compel individual arbitration [Docket Entry No. 218]; and this Court having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for the reasons stated above;

IT IS on this 10th day of January, 2012,

ORDERED that Defendants' motion to stay the matter and compel individual arbitration [Docket Entry No. 218] is GRANTED and the CSL arbitration clauses are enforced and Plaintiffs' claims are arbitrable as a matter of law; and it is further

compel arbitration. *See, e.g., Swift v. Zynga Game Network, Inc.*, No. C-09-5443 EDL, 2011 WL 3419499, at *9-10 (N.D. Cal. Aug. 4, 2011); *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341 (JSW), 2011 WL 2566449, at *1 (N.D. Cal. Jun. 27, 2011); *but see Opalinski v. Robert Half Intern., Inc.*, No. 10-2069 (FSH)(PS), 2011 WL 4729009, at *4-7 (D.N.J. Oct. 6, 2011) (finding no waiver of arbitration agreement enforced after *Concepcion* without addressing the issue of futility). Subsequently, the rule changed, *see Litman*, 655 F.3d at 231, and Defendants notified Plaintiffs of their intent to arbitrate shortly thereafter. Plaintiffs many citations to cases where the Court found waiver based partially on fulsome discovery proceedings are inapposite because the responsible parties in these cases were capable of enforcing their arbitration agreements at the beginning of litigation. *See, e.g., Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 447-50 (3d Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 209-11 (3d Cir. 2007). As explained above, that was not the case here.

ORDER

This matter having come before the Court on Defendants' joint motion to stay the matter and to compel individual arbitration [Docket Entry No. 218]; and this Court having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for the reasons stated above;

IT IS on this 10th day of January, 2012,

ORDERED that Defendants' motion to stay the matter and compel individual arbitration [Docket Entry No. 218] is GRANTED and the CSL arbitration clauses are enforced and Plaintiffs' claims are arbitrable as a matter of law; and it is further

ORDERED that the Clerk ADMINISTRATIVELY TERMINATE this action without prejudice.  The parties have the right to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation.

<u>s/Peter G. Sheridan</u>
PETER G. SHERIDAN, U.S.D.J.

January 10, 2012