UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR CHASSEN, et als, <br><br> Plaintiffs, <br> v. <br><br> FIDELITY NATIONAL FINANCIAL, INC., et als. <br><br> Defendants. | Civil Action No. 09-291 (PGS) <br><br> MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion for reconsideration of the Court's prior order on reconsideration.

I.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

"Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).* Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

II.

Defendant's Fidelity National Financial, Inc. (Defendants) contend that "the Court erred by failing to address defendants' argument that plaintiff waived any conceivable right to pursue class action arbitration years ago." (Defendants' brief at p. 1). Defendants insist that "just as the Court properly evaluated whether Defendants waived their right to individual arbitration, the Court likewise must evaluate whether Plaintiffs waived any supposed right to pursue class arbitration." (Defendants' brief at p. 1).

In the sentence above, Defendants mischaracterize the Court's prior Order, and for the reasons set forth below, their motion for reconsideration is denied. In the Court's prior Order on reconsideration, it allowed either party to voluntarily seek arbitration because the arbitration

clauses at issue were written in such a fashion to give either party the option to select arbitration.

The arbitration clauses read, in part:

> Any arbitratable matters when the Amount of Insurance $1,000,000 or less shall be arbitrated at the option of either the Company or the Insured. (Exhibit 1 of prior Opinion, ECF No. 253).

***

> If [arbitration] is permitted in your state, you or the Company may demand arbitration. (Exhibit 2 of prior Opinion, ECF No. 253).

As such, the Court did not rule that Defendants "waived their right to individual arbitration," but ruled that either party may seek arbitration. Interestingly, the arbitration clauses above do not mention "class arbitration." Hence, if any party seeks class arbitration, then the arbitrator must determine whether the parties consented to same. The arbitrator's decision should be based on the facts and history of the arbitration clause. The Court's prior decision is clear that that arbitrator must decide whether the parties consented to class arbitration. *Sutter v. Oxford Health Plans, LLC.*, 675 F. 3d 215 (3d Cir. 2012); see generally, *Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp*, 130 S. Ct. 1758 (2010).

The Defendants rely on *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 ((2011) in support of its motion for reconsideration because "individual arbitration and class arbitration are fundamentally different rights, and that 'arbitration is poorly suited to the high stakes of class arbitration." *Id.* At 1752. Adopting the *Concepcion* decision does not necessarily mean that the broad language of the above quote must be included herein. In fact, Justice Scalia in dissecting the difference between class and individual arbitration noted that the language of the arbitration clause is the more appropriate methodology to use rather than relying on the policy of state law. For example, Justice Scalia stated:

> Although we have had little occasion to examine classwide arbitration, our decision in Stolt-Nielsen is instructive. In that case we held that an arbitration panel exceeded its power under § 10(a)(4) of the FAA by imposing class procedures based <u>on policy judgments</u> rather than the arbitration agreement itself or some background principle of contract law that would affect its interpretation.
>
> * * *
>
> The conclusion follows that class arbitration, to the extent it is manufactured by <u>Discover Bank</u> rather than consensual, is inconsistent with the FAA.

In the prior Memorandum and Order on reconsideration, the Court found that there was an agreement to arbitrate in certain circumstances, and that either party could pursue arbitration at their option. If the issue of class arbitration arises before the arbitrator, then, the arbitrator must review the facts and the rationale of Justice Scalia to determine if the parties consented to class arbitration. If either party disagrees with the arbitrator's decision, the party may bring the issue to the District Court in an action to vacate the award. See, *Sutter v. Oxford Health*, 675 F. 3d 215 (3d Cir. 2012).

With regard to defendants' argument that plaintiff waived class arbitration along time ago, it is noteworthy that the arbitration issue presented here arose after *Concepcion* was decided (April 27, 2011), and this case was instituted on January 22, 2009, almost two years before that decision. Until *Concepcion*, all parties relied upon *Muhammad v. County Bank of Rehoboth Beach*, 912 A. 2d 88 (2006) as controlling precedent in this matter. As such, neither party knowingly waived arbitration because *Concepcion* changed the law long after this suit was brought.

In opposition, the Plaintiffs argue that defendants motion should be denied because an extraordinary period of time has been spent on class discovery. Such rationale is not convincing to the Court because the *Concepcion* case was decided mid-way through the litigation; and the

major issue to be determined by an arbitrator is whether the parties consented to class arbitration by virtue of the agreements cited above. Here, the most important question to be resolved by the arbitrator is whether the parties consented to it.  Cf. *Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp*, 130 S. Ct. 1758 (2010) .

## ORDER

For the reasons set forth above,

IT IS on this 22nd day of January, 2013;

ORDERED that the motion for reconsideration (ECF 254) is denied.

January 22, 2013

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.